# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 17, 2021

Lyle W. Cayce
Clerk

No. 21-40361
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

VICTOR PACHECO-ORTIZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-575-4

Before BARKSDALE, WILLETT, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Victor Pacheco-Ortiz, federal prisoner # 76055-379, contests the denial of his motion for sentence reduction for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). He contends the district court abused its discretion by not considering whether his rehabilitation, combined

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40361

with his asthma and the COVID-19 pandemic, constituted an extraordinary-and-compelling reason for compassionate release.

As reflected above, denial of a compassionate-release motion is reviewed for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court may reduce a term of imprisonment if, after considering the applicable 18 U.S.C. § 3553(a) sentencing factors, it concludes, as also reflected above, that "extraordinary and compelling reasons warrant such a reduction". 18 U.S.C. § 3582(c)(1)(A)(i).

The court considered Pacheco's post-sentencing rehabilitation, coupled with his asthma and the COVID-19 pandemic, and concluded these factors did not warrant sentence reduction. Pacheco fails to establish the court made an error of law, or a clearly-erroneous assessment of the evidence, when it concluded the § 3553(a) factors weighed against compassionate-release sentence reduction. *See Chambliss*, 948 F.3d at 693–94 (holding court "sufficiently articulated its reasons for denying [prisoner's] request for compassionate release"). His disagreement with the court's weighing of those factors is not sufficient to demonstrate abuse of discretion. *See id.* at 694 (explaining disagreement with factor analysis insufficient to support reversal).

AFFIRMED.